Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50294 | DATE | JUL 29 2003 |
| CASE TITLE | Michael DuBois (#R-15180) vs. Sheriff of Winnebago County, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, the plaintiff's motion for leave to file in forma pauperis [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and the case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the East Moline Correctional Center. This dismissal count will not be counted as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g) as the case is not technically time-barred, but rather is time-barred as a practical matter.

(11) ■    [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 29 2003 | |
| | Notified counsel by telephone. | date docketed | 6 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | JUL 29 2003 | |
| | | date mailed notice | |
| mjm | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the Winnebago County Correctional Center intentionally slammed a door on the plaintiff's arm, and that health care providers at the jail provided deficient care for the injuries he sustained as a result of the assault.

The plaintiff having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. The plaintiff is assessed an initial partial filing fee of $5.36 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Fiscal Dept., and shall clearly identify the plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable constitutional claims; however, the complaint on file does not name a suable defendant. Because the plaintiff waited until the eleventh hour to file suit, he could not name the proper defendants before the statute of limitations expires.

The alleged act of violence giving rise to this action took place on July 28, 2001; the plaintiff claims that he was denied proper medical care in the following days. [The plaintiff had a cut on his arm rather than a broken bone; therefore, his principal claim against health care providers is that they failed to provide stitches to prevent scarring.] The only named defendant is the Sheriff of Winnebago County; the plaintiff cannot identify the John and Jane Doe employees directly responsible for the problems underlying this lawsuit.

The plaintiff has alleged no facts establishing the Sheriff's direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff shown that the alleged violations of his constitutional rights occurred at the Sheriff's direction or with his knowledge and consent. *Id.* "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Unfortunately, it is now too late to amend the complaint to name the correctional officers and health care staffers directly responsible for the plaintiff's injuries—or at least it will be too late by the time the plaintiff ascertains the identities of the Doe defendants and files an amended pleading. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Therefore, it would be futile to appoint an attorney to serve discovery on the County Sheriff and identify the real parties in interest. Any amended complaint replacing the John and Jane Does with named defendants would be barred by the statute of limitations within days.

For the foregoing reasons, this suit is dismissed for effectively failing to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because the complaint technically states a cognizable claim, this dismissal will not count as a "strike" against the plaintiff; dismissal is warranted only because, as a practical matter, the plaintiff could not timely cure pleading deficiencies.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $105 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike."